UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYJUAN GRAY,

    Plaintiff,

v.

Case No. 4:22-cv-10100
Hon. Shalina D. Kumar

DEPUTY BOOSE AND GENESEE
COUNTY JAIL,

    Defendants.
_____/

## OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. TyJuan Gray is incarcerated at the Genesee County Jail. Gray's complaint names Genesee County Deputy Sheriff Boose and the Genesee County Jail as defendants. Gray claims that Boose poisoned his food trays and that jail administrators condoned and covered-up the conduct.

The Court will summarily dismiss the case with respect to Defendant Genesee County Jail, as it is not a legal entity capable of being sued under section 1983. The dismissal is without prejudice to Gray's ability to file an amended complaint against the individual jail administrators he claims personally and actively violated his constitutional rights. The case will proceed against Defendant Boose.

1

I.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

II.

Gray claims that in September 2021, while an inmate at the Genesee County Jail, he learned from other inmates that Deputy Boose was poisoning his food trays. He claims that Boose had done the same to other prisoners, and though they complained to the jail administration, the administration did nothing to stop the misconduct and instead engaged in a cover up. The complaint asserts that Boose's conduct was captured on the jail's video system. Gray asserts that he suffers from headaches and muscle cramps that he believes are the result of eating the tainted food. (Complaint, ECF No. 1, PageID.5-7.)

### III.

### A.

With respect to Defendant Boose, the complaint asserts that he intentionally poisoned Gray's food tray. The Eighth Amendment limits the power of the states to punish those convicted of a crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Id.* at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

To establish an Eighth Amendment claim, Plaintiff must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). "The subjective component focuses on the state of mind of the prison officials." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). "The objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson*, 501 U.S. at 298).

Gray's assertion that Boose intentionally poisoned his food tray and that the conduct resulted in headaches and muscle cramps is sufficient to state an Eighth Amendment claim.

### B.

With respect to Defendant Genesee County Jail, section 1983 imposes liability only on "persons" who violate an individual's federal constitutional or statutory

3

rights. It is well-settled under Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under 42 U.S.C. § 1983. *Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995)(citations omitted); *see also Petty v. County of Franklin, Ohio, et al.*, 478 F.3d 341, 347 (6th Cir. 2007), abrogation on other grounds recognized by *Bailey v. City of Ann Arbor*, 860 F.3d 382, 389 (6th Cir. 2017)(county sheriff's department is not a "person" subject to liability under § 1983).

Moreover, local governmental entities, like Genesee County, cannot be held liable under section 1983 solely for the acts of their agents - the agents are accountable under that statute for their own conduct. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)(holding that "a municipality cannot be held liable [under section 1983] solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory"). Accordingly, Genesee County Jail is dismissed from the complaint.

The dismissal is without prejudice to Gray's ability to file an amended complaint naming specific individuals from the Genesee County Jail administration whom Gray claims actively violated his constitutional rights. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). While government officials may not be held vicariously liable for the unconstitutional conduct of their subordinates, they may be held liable if they personally engage in active unconstitutional behavior. *See Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999).

## IV.

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will summarily dismiss the complaint with respect to Defendant Genesee County Jail without prejudice to Plaintiff's ability to file an amended complaint against the specific individuals he claims engaged in active unconstitutional behavior.

The case will proceed with respect to Defendant Boose on Grey's Eighth Amendment claim.

**SO ORDERED**.

s/Shalina D. Kumar<br>
Shalina D. Kumar<br>
United States District Judge

Dated: March 4, 2022